97-6590.oa

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 97-6590-CIV-JORDAN/BROWN

UNITED STATES OF AMERICA, *ex rel.*
SAL A. BARBERA,

      Plaintiffs,

v.

AMISUB (NORTH RIDGE HOSPITAL),
INC. d/b/a NORTH RIDGE MEDICAL CENTER;
TENET HEALTHCARE CORPORATION f/k/a
AMERICAN MEDICAL INTERNATIONAL,
INC.

      Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE

**This matter** is before this Court on Defendants' Motion to Strike Potential Witnesses .., filed October 6, 2003. The Court has considered the motion, the response, the reply and all pertinent materials in the file.

There is much merit to defendants' motion. The government's position is without justification as to why these witnesses were not properly disclosed earlier. Essentially, the government's ill-advised position boils down to two reasons why these witnesses were not listed sooner: (1) a somewhat nebulous allegation ...totally unsupported by anything in writing, much less anything in the Court record...that defendants reneged on some sort of agreement; and (2) an allegation that since defendants knew of these people long ago and should have known they had material testimony to offer, they need not be listed. Neither of these reasons is remotely

persuasive to this Court.

In a case as heavily litigated as this one, it is inconceivable that the government would simply rely on some alleged oral[1] agreement without any documentation of same. So that the record is clear, this Court is not questioning the veracity of the government, only it's methods of practice. If indeed such an agreement was reached, at the very least it should have been reduced to writing long ago, thus obviating the necessity of these witnesses, or at the very least substantially strengthening the government's position regarding the last minute disclosure.

The problem with the government's second position is that it makes a useless act out of FRCP 26. No rule would be need for disclosure of witnesses - all parties should just ASSUME that anyone who knows anything about a case is a possible witnesses and govern themselves accordingly. Obviously, however, that is not our procedure. Most particularly, in a case as involved as this one, it would probably mean taking hundreds of deposition "on the if-come".

The issue of prejudice to the defendants is a much closer question. It is arguable that witnesses should only be stricken as a last resort. It is uncontroverted that, when the witnesses were disclosed, the government offered to allow the taking of their testimony. However, the Court notes that it would be ludicrous, to be kind, to offer anything less. Were that the "cure-all" for these last minute disclosures, the rules would so provide.

The purported prejudice suffered by defendants, in this particular case, is more noticeable than it might be in a less complex litigation. To now deny this motion - which would of necessity require the taking of, perhaps six significant depositions within weeks, if not days of the scheduled

---

[1] The Court ASSUMES the agreement was oral since the government cited nothing written to support their claim.

2

trial, is very real prejudice. Defendants, admittedly, have used the somewhat standard jargon to show prejudice that "[H]aving reached the discovery cut off, Defendants face the substantial task of preparing this matter for trial. Defendants should not now be faced with the distraction of taking substantial additional discovery..." (page 9 of the motion and repeated, improperly, verbatim at page 8 of the reply). In this case, the Court finds it carries, perhaps, some additional meaning.

Therefore, the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**, and the six witnesses listed at page three of the motion are hereby stricken from use at trial. This ruling is made without prejudice to be reconsidered in the event that discovery is reopened or the trial is continued for a sufficient period of time to allow for the taking of these depositions.

**DONE AND ORDERED** this 25th day of November, 2003, at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:   Honorable Adalberto Jordan
      All counsel of record